UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM E. MARTIN,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN EBBERT,<br><br>        Respondent | CIVIL ACTION NO. 3:14-CV-01249<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On June 30, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner on June 25, 2014. (Doc. 1). At the time of filing, the Petitioner was incarcerated at USP Canaan, located in Wayne County, Pennsylvania.

The Petitioner challenges his November 15, 2004, conviction and sentence in the United States District Court for the Western District of Texas for multiple counts of bank robbery. *United States v. Martin*, Case No. 1:03-cr-00250 (W.D. Tex.). The petition alleges that the prosecution unconstitutionally failed to disclose certain exculpatory evidence, including DNA and fingerprint evidence, that might have exonerated him at trial. The Petitioner previously challenged his conviction and sentence in a January 31, 2006, motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on May 24, 2006. *Id.*

Under § 2241, a federal prisoner may challenge the *execution* of his sentence – such as a claim concerning the denial or revocation of parole, or the loss of good-time credits – in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C.

§ 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." See *Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, the Petitioner challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require the Petitioner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. See *Brown*, 167 F.

Supp. 2d at 726–27. The Petitioner cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** to the Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

BY THE COURT:

Dated: October 27, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM E. MARTIN,<br><br>   Petitioner,<br><br>v.<br><br>WARDEN EBBERT,<br><br>   Respondent | CIVIL ACTION NO. 3:14-CV-01249<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 27, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 27, 2014**

                  *s/ Karoline Mehalchick*
                  **KAROLINE MEHALCHICK**
                  **United States Magistrate Judge**