IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADAM E. MARTIN,

    Petitioner,

v.

WARDEN EBBERT,

    Respondent.

CIVIL ACTION NO. 3:CV-14-1249

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## MEMORANDUM ORDER

Before me is Petitioner Adam Martin's Objections (Doc. 14) to Magistrate Judge Mehalchick's Report and Recommendation (Doc. 13) on his petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 (Doc. 1). In his petition, Petitioner contends that the prosecution withheld exculpatory evidence at his trial that would demonstrate that he is actually innocent of the offenses for which he was convicted. (Docs. 1; 14.)

The Magistrate Judge recommends that the Petition be dismissed because Petitioner's claims are not properly pursued pursuant to § 2241 since he is unable to show that a § 2255 motion is inadequate or ineffective to test the legality of his detention. (Doc. 13, 2-3.) Petitioner objects to this recommendation, arguing that he could not pursue his actual innocence claim in his previous § 2255 motion. (Doc. 14, 2.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). But, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v.*

*United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

The Report and Recommendation will be adopted and Petitioner's § 2241 Petition will be dismissed without prejudice. Although Petitioner contends that § 2241 is the only means by which he can advance his actual innocence claim, his claim falls within the purview of § 2255. Moreover, the Third Circuit has "held that a § 2255 petition is 'inadequate' when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision, but is otherwise barred from challenging the legality of the conviction under § 2255.'" *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (quoting *In re Dorsainvil*, 119 F.3d 245, 252 (3d Cir. 1997)). Here, Petitioner does not cite an intervening change in controlling law, nor does he set forth any extraordinary circumstances that prevented him from presenting his actual innocence claim in his first § 2255 motion. *See Marmolejos v. Holder*, 358 F. App'x 289, 290 (3d Cir. 2009). Thus, Petitioner may not advance his claim pursuant to § 2241.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Mehalchick's Report and Recommendation (Doc. 13) is **ADOPTED**.

(2) Adam Martin's 28 U.S.C. § 2241 Petition (Doc. 1) is **DISMISSED without prejudice** to his right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h).

(3) The Clerk of Court is directed to mark the case as **CLOSED**.

November 17, 2014
Date

A. Richard Caputo
United States District Judge

2